IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William D. Morris, #09416-021, | ) C/A No. 0:09-793-JFA-PJG |
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Warden Mildred Rivera, C/O Federal Correctional Institute Estill, SC; and the United States of America, | ) |
| Respondents. | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The Petitioner, William D. Morris ("Petitioner"), proceeding *pro se*, is a prisoner at the Federal Correctional Institution in Estill, South Carolina, where he is serving a sentence imposed in the Southern District of Georgia. On a 28 U.S.C. § 2241 petition form, Petitioner attempts to challenge that federal sentence. However, because Petitioner is challenging a federal sentence, he must proceed under 28 U.S.C. § 2255 in the court that imposed the sentence. Therefore, this Petition should be summarily dismissed.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition in light of the following precedents: Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent

*PJG*

standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 9 (1980). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This Court does not have jurisdiction over Petitioner's claim, brought pursuant to 28 U.S.C. § 2241.[1] Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. In re Vial, 115 F.3d 1192 (4th Cir. 1997). Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or

---

[1]Section 2241 states, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3).



> that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. Although the instant Petition is brought pursuant to § 2241, its claim represents a collateral attack upon a conviction in, and sentence imposed by, the district court in the Southern District of Georgia. This kind of attack is properly reserved for a petition filed pursuant to § 2255 in the sentencing court, see id., instead of a petition filed pursuant to § 2241 in the circuit of incarceration.[2] As Petitioner was sentenced in the Southern District of Georgia, the issue raised herein under § 2241 jurisprudence would not usually be within the jurisdiction of this court. See Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974).

However, a petition under § 2241 is available for a federal prisoner to collaterally attack his sentence when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 381 (1977). The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Moreover, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute

---

[2]A writ under § 2241 by a federal prisoner must be brought only in a district court with jurisdiction over the prisoner or his custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); see also 28 U.S.C. § 2241(a). "Generally, only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).



of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

The Fourth Circuit has noted, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." Jones, 226 F.3d at 333. In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34. Petitioner makes no allegation that the law has changed such that the conduct of which he was convicted (mail, bank, and wire fraud) is no longer criminal. As Petitioner's claim fails to meet this criteria, he is precluded from relief under § 2241, and his Petition should be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without service upon the respondents. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts



have a duty to screen habeas corpus petitions and eliminate the burden placed on respondents caused by ordering an unnecessary answer or return); <u>Toney v. Gammon</u>, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 24, 2009
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).