IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William D. Morris, #09416-021,         ) | C/A No.: 0:09-793-JFA-PJG |
|                                        ) | |
|             Petitioner,                ) | |
|   vs.                                  ) | ORDER |
|                                        ) | |
| Warden Mildred Rivera, C/O Federal     ) | |
| Correctional Institute Estill, SC; and the ) | |
| United States of America,              ) | |
|                                        ) | |
|             Respondents.               ) | |
| _____) | |

The *pro se* petitioner in this action is a federal inmate at the Federal Correctional Institute in Estill, South Carolina. He is currently serving his sentence in this district that was imposed by the United States District Court for the Southern District of Georgia.

The present petition is styled as one brought pursuant to 28 U.S.C. § 2241. The petitioner seeks to raise several issues that clearly challenge the underlying validity of his conviction and sentence.

The Magistrate Judge assigned to this action has prepared a detailed Report and Recommendation[1] wherein she suggests that the petition is subject to dismissal without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

prejudice. The Magistrate Judge reasons that the instant § 2241 petition should have been filed as one under 28 U.S.C. § 2255 since it challenges the petitioner's sentence and the relief ultimately sought by the petitioner must come from the petitioner's sentencing court in the Southern District of Georgia. Ultimately, this court does not have jurisdiction over petitioner's claim.

The petitioner was advised of his right to file objections to the Report and Recommendation which was filed on April 24, 2009. As of the date of this order, the deadline to file timely objections has expired and the petitioner has not filed any objections. Therefore, this matter is ripe for review.

The court has carefully reviewed the Report and agrees with the Magistrate Judge's recommendation that this § 2241 petition should be dismissed so that petitioner may properly file a § 2255 petition to challenge the sentencing court's judgment

Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 27, 2009
Columbia, South Carolina